UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHENZHEN HANYI TECHNOLOGY CO., LTD<br><br>*Plaintiff,*<br><br>SHELTERLOGIC CORP, and PNC BANK NATIONAL ASSOCIATION,<br><br>*Defendants.* | No. 2:25-cv-363<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Shenzhen HanYi Technology Co. Ltd. ("HanYi" or "Plaintiff"), by and through its undersigned counsel, brings this action against Defendants ShelterLogic Corp ("ShelterLogic") and PNC Bank National Association ("PNC")(collectively "Defendants") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, seeking a declaration that Plaintiff Shenzhen HanYi Technology Co. Ltd. ("Plaintiff") has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of U.S. Patent No. 9,867,466 (the "'466 Patent"). **Exhibit A**.

COMPLAINT

1

Glacier Law LLP
41 Madison Ave, Suite 2529
New York, NY 10010
212-729-5049

2. Additionally, this action seeks a declaratory judgment that the '466 Patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

3. Defendants have accused Plaintiff of infringing the '466 Patent through the sale of Plaintiff's AKSOUL Beach Chair (ASIN: B0CS6TTLW8) on Amazon, causing substantial harm to Plaintiff's business and reputation.

4. Defendant ShelterLogic Corp. previously owned the '466 Patent and assigned it to PNC. Nevertheless, ShelterLogic remains involved in the enforcement and assertion of rights related to the '466 Patent.

5. Defendant PNC, as the current patent owner, has the ultimate authority over enforcement actions, including patent assertion activities such as the Amazon Patent Evaluation Express (APEX) proceeding initiated against Plaintiff.

6. Plaintiff denies that its product infringes any claims of the '466 Patent and contends that the patent is invalid in light of prior art and the lack of novelty or non-obviousness.

7. Defendants have initiated an Amazon Patent Evaluation Express (APEX) proceeding against Plaintiff, which is designed to evaluate patent infringement disputes related to Amazon listings. The initiation of this APEX proceeding is sufficient to establish an actual and justiciable controversy between the parties, as it directly threatens Plaintiff's ability to sell its product and impacts its business operations.

8. Plaintiff seeks relief from this Court to prevent Defendants from continuing to interfere with Plaintiff's business through unjustified patent enforcement actions.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because this action arises under the laws of the United States, including the Patent Act, 35 U.S.C. § 100 et seq.

10. An actual case or controversy exists between the parties due to Defendants' enforcement actions, including initiating an APEX proceeding through Amazon, which has caused and continues to cause significant harm to Plaintiff by threatening its ability to sell its products. This gives rise to an actual controversy under 28 U.S.C. §§ 2201 et seq.

11. This Court has personal jurisdiction over Defendants because they have purposefully directed their activities toward this District. Defendant ShelterLogic has engaged in patent enforcement efforts, and Defendant PNC, as the patent owner, has facilitated such enforcement actions. Additionally, Amazon, which has its principal place of business in Seattle, Washington, plays a central role in the enforcement mechanism through its APEX process.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to this action took place within this District. Defendants' involvement in the APEX proceeding and Amazon's headquarters being located within this District further establish venue.

**PARTIES**

13. Plaintiff Shenzhen HanYi Technology Co. Ltd. is a company organized under the laws of China with its principal place of business in Shenzhen, China. Plaintiff operates the Amazon store "AKSOULHome-US" under Seller ID: A2SPXJOVY7DMAQ.

14. Plaintiff is engaged in the research, development, manufacturing, and sale of outdoor and recreational products, including portable chairs and beach chairs. Plaintiff's products are marketed and sold globally, including in the United States, through various online platforms such as Amazon.

15. Defendant ShelterLogic Corp is a corporation organized under the laws of the United States with its principal place of business at 150 Callender Rd, Watertown, CT 06795. Defendant is the assignor of the '466 Patent, which relates to a folding chair with a guide member to assist in folding and unfolding the chair.

16. Defendant PNC Bank, National Association, located at 500 First Avenue, Commercial Loan Service Center/DCC, Pittsburgh, Pennsylvania 15219, is the current owner of the '466 Patent. The patent was assigned to PNC Bank by ShelterLogic Corp., Rio Brands, LLC, Sojag Inc., and Arrow Shed, LLC. As the assignee, PNC Bank has control over the enforcement and assertion of rights related to the '466 Patent.

**FACTUAL BACKGROUND**

17. Defendant ShelterLogic Corp has accused Plaintiff of infringing U.S. Patent No. 9,867,466 by selling products under ASIN: B0CS6TTLW8 on Amazon.

18. Defendant PNC, as the patent owner, has the ultimate authority over enforcement actions and has facilitated the APEX proceeding against Plaintiff.

19. The APEX process has immediate and tangible consequences for Plaintiff's ability to continue selling its products.

20. Plaintiff contends that its AKSOUL Beach Chair does not infringe any claims of the '466 Patent, either literally or under the doctrine of equivalents.

1    21. Plaintiff further asserts that the '466 Patent is invalid under 35 U.S.C. §§ 102 and 103 in view of prior art, including U.S. Pat. Pub. No. 2009/0309394 (LiBin), which discloses a similar structure.

22. Defendants' actions have caused irreparable harm to Plaintiff by disrupting its business operations, damaging its reputation, and limiting its ability to compete in the market.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

23. Plaintiff repeats and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

24. An actual and justiciable controversy exists between Plaintiff and Defendant regarding whether Plaintiff's AKSOUL Beach Chair infringes the '466 Patent. The initiation of the APEX proceeding by Defendant demonstrates an immediate and concrete dispute that directly impacts Plaintiff's business.

25. Plaintiff's product lacks essential limitations required by the claims of the '466 Patent, including but not limited to the requirement of a "guide member" that actively guides the first frame element.

26. Unlike the '466 Patent, Plaintiff's AKSOUL Beach Chair employs a passive structural support system that does not include a manually operated guide member.

27. The '466 Patent requires a guide member that interacts with the user by manually pulling or guiding the first frame element into the cradle, creating a risk of pinching. In contrast, the AKSOUL Beach Chair features a link rod that passively moves with the frame elements and does not require manual intervention by the user.

28. Additionally, the cradle of the AKSOUL Beach Chair is an independent and structurally complete support component that does not include or need a guide member pivotally connected to both the first and second frame elements.

29. The accused product, therefore, lacks critical structural elements and functions differently from the '466 Patent, making any claim of infringement unsustainable.

30. Plaintiff is entitled to a declaratory judgment that its product does not infringe any claim of the '466 Patent, whether under literal infringement or the doctrine of equivalents.laintiff repeats and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

31. An actual and justiciable controversy exists between Plaintiff and Defendant regarding whether Plaintiff's AKSOUL Beach Chair infringes the '466 Patent. The initiation of the APEX proceeding by Defendant demonstrates an immediate and concrete dispute that directly impacts Plaintiff's business.

32. Plaintiff's product lacks essential limitations required by the claims of the '466 Patent, including but not limited to the requirement of a "guide member" that actively guides the first frame element.

33. Unlike the '466 Patent, Plaintiff's AKSOUL Beach Chair employs a passive structural support system that does not include a manually operated guide member.

34. Plaintiff is entitled to a declaratory judgment that its product does not infringe any claim of the '466 Patent.

**COUNT II – DECLARATORY JUDGMENT OF INVALIDITY**

35. Plaintiff repeats and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

36. The claims of the '466 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated or rendered obvious by prior art, including U.S. Pat. Pub. No. 2009/0309394 (LiBin), attached as **Exhibit B**, and Chinese Patent No. CN 101254051 B (Chen), attached as **Exhibit C**.

37. Claims 1-4, 7, 9-11 of the '466 Patent are anticipated under 35 U.S.C. § 102 by LiBin, which discloses a structurally and functionally similar folding chair. LiBin teaches a folding chair with a frame structure, a cradle, and a guide member that operates in a manner identical to the patented claims.

38. Claims 5-6, 8, 12-18 of the '466 Patent are rendered obvious under 35 U.S.C. § 103 based on LiBin, as a person of ordinary skill in the art would have found it obvious to combine existing elements to achieve the claimed invention.

39. Claims 1-7, 9-11 of the '466 Patent are further anticipated under 35 U.S.C. § 102 by Chen, which teaches a streamlined folding chair with a frame structure and an integrated guiding mechanism for positioning the frame elements, rendering the '466 Patent claims unpatentable.

40. Claims 8, 12-18 of the '466 Patent are rendered obvious under 35 U.S.C. § 103 based on Chen, as the structural and functional similarities between the disclosed elements would have been apparent to a person of ordinary skill in the art.

41. Both LiBin and Chen describe chairs that perform the same functions in the same manner as the '466 Patent, demonstrating that its claims lack novelty and are obvious in light of prior art.

42. Plaintiff is entitled to a declaratory judgment that the claims of the '466 Patent are invalid under 35 U.S.C. §§ 102 and 103.laintiff repeats and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

43. The claims of the '466 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated or rendered obvious by prior art, including U.S. Pat. Pub. No. 2009/0309394 (LiBin), attached as **Exhibit B.**

44. Claims 1-4, 7, 9-11 of the '466 Patent are anticipated under 35 U.S.C. § 102 by LiBin, which discloses a structurally and functionally similar folding chair. The prior art references demonstrate that each limitation in these claims was already known and utilized in prior inventions.

45. Claims 5-6, 8, 12-18 of the '466 Patent are rendered obvious under 35 U.S.C. § 103 based on LiBin, as a person of ordinary skill in the art would have found it obvious to combine existing elements to achieve the claimed invention.

46. Specifically, LiBin describes a folding chair that includes a frame structure, a cradle, and a guide mechanism similar to the '466 Patent. The prior art teaches the same features used to guide the frame elements into position without any novel improvements.

47. Furthermore, the inherent properties of LiBin's folding chair would necessarily result in the performance of functions claimed in the '466 Patent, making the asserted claims unpatentable.

48. Since every element of the '466 Patent is disclosed in LiBin or would have been obvious to a person skilled in the art, Plaintiff seeks a declaratory judgment that the asserted claims are invalid under 35 U.S.C. §§ 102 and 103.

49. Plaintiff is entitled to a declaratory judgment that the claims of the '466 Patent are invalid.laintiff repeats and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

50. The claims of the '466 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated or rendered obvious by prior art, including U.S. Pat. Pub. No. 2009/0309394 (LiBin).

51. The prior art discloses every element of at least claims 1-18 of the '466 Patent.

52. Plaintiff is entitled to a declaratory judgment that the claims of the '466 Patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment in its favor and seeks:

A. A declaration that Plaintiff's AKSOUL Beach Chair does not infringe any claim of U.S. Patent No. 9,867,466 pursuant to 28 U.S.C. § 2201;

B. A declaration that U.S. Patent No. 9,867,466 is invalid under 35 U.S.C. §§ 102 and 103;

C. An order permanently enjoining Defendants from asserting U.S. Patent No. 9,867,466 against Plaintiff, including any related administrative complaints or proceedings, pursuant to 35 U.S.C. § 283;

D. An order directing Defendants to withdraw all complaints and enforcement actions against Plaintiff related to U.S. Patent No. 9,867,466;

E. An order prohibiting Defendants from asserting U.S. Patent No. 9,867,466 against Plaintiff on any e-commerce or business platform, including but not limited to Amazon, eBay, Walmart, and similar online or offline marketplaces;

F. An award of compensatory damages, including but not limited to lost revenue, reputational harm, and costs incurred by Plaintiff as a result of Defendants' wrongful enforcement actions;

G. A determination that this case is exceptional under 35 U.S.C. § 285, warranting an award of Plaintiff's attorneys' fees and costs;

H. An award of treble damages pursuant to 35 U.S.C. § 284 due to Defendants' willful assertion of an invalid and unenforceable patent;

I. Pre-judgment and post-judgment interest on all damages awarded, as permitted under 28 U.S.C. § 1961;

J. An award of punitive damages due to Defendants' bad faith enforcement of U.S. Patent No. 9,867,466;

K. Costs of litigation, including expert witness fees, deposition costs, and all other expenses reasonably incurred in bringing this action, pursuant to 35 U.S.C. § 285;

L. Any further relief the Court deems just and proper.

| | |
|---|---|
| 1 | By: /s/ Carl J. Marquardt |
| 2 | Carl J. Marquardt (WSBA No. 23257) |
|   | **LAW OFFICE OF CARL J.** |
|   | **MARQUARDT PLLC** |
| 3 | 1126 34th Avenue, Suite 311 |
|   | Seattle, WA 98122 |
| 4 | Tel: (206) 388-4498 |
|   | Email: carl@cjmlawoffice.com |

/s/Ruoting Men
Ruoting Men (NY Bar No. 5516182)
*Pro Hac Vice Pending*
**GLACIER LAW LLP**
41 Madison Ave, Suite 2529
New York, NY 10010
Ruoting.men@glacier.law
212-729-5049

***Attorneys for Plaintiff***

COMPLAINT    1

Glacier Law LLP
41 Madison Ave, Suite 2529
New York, NY 10010
212-729-5049